

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Justin L. Matthews, the undersigned complainant, being duly sworn state the following is true and accurate to the best of my knowledge and belief.

### EXPERIENCE AND TRAINING

I have been employed as an ATF Task Force Officer since December 2017. I am an investigator or law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, a federal agent empowered to conduct investigations and engaged in enforcing criminal statutes. I am currently investigating Karon Rayosha HOWARD, a/k/a "Rock," a/k/a "Rocky," for federal firearm violations.

I have completed extensive training emphasizing firearm and narcotic investigations and enforcement, to include training on laundering of drug proceeds. I have conducted and assisted in investigations into the unlawful possession, purchase, and sale of firearms and narcotics. These investigations have led to arrests and convictions for violations of federal firearm and narcotic laws. I have also prepared and executed many arrest and search warrants for criminal offenses involving violations of federal firearm and narcotic laws. I am familiar with the methods in which traffickers conduct their illegal activities, to include communication methods, asset management, and narcotic transactions. I have received additional training in interstate firearms trafficking, international firearms trafficking, and long-term case investigations. And I have testified in federal court in the Eastern District of Virginia.

I am a law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), as I am a federal agent empowered to conduct investigations and enforce federal criminal statutes.

During my law enforcement career, my duties have included the investigation of state and federal firearms offenses, narcotics offenses, and violent criminal offences. I have received law enforcement training on the investigation of firearms and narcotics offenses on many occasions and have participated in many firearms and narcotics investigations. I have also had hundreds of conversations with police officers and federal agents about the facts and circumstances of firearms and narcotics offenses.

I submit this affidavit in support of the issuance of a criminal complaint and arrest warrant for Karon Rayosha HOWARD because there is probable cause to believe that, on September 1, 2021, in Virginia Beach, Virginia, within the Eastern District of Virginia, HOWARD possessed machineguns, in violation of 18 U.S.C. § 924(o) and (a)(2); possessed unregistered firearms, in violation of 26 U.S.C. §§ 5861(d) and 5871; possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possessed with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D).

I have become aware of the facts and circumstances described below through my personal observation, my training and experience, information provided by other law enforcement officers, witness interviews, and other cooperating sources. Since this Affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included every fact known concerning this investigation. Rather, I have set forth only those facts that are necessary to establish probable cause.

## STATEMENT OF FACTS

On the night of July 17, 2021, in the 900 Block of Tunstall Avenue in Norfolk, Virginia, police officers in marked vehicle units heard multiple gunshots nearby. They looked in the direction of the noise and observed multiple individuals shooting at each other. The individuals then entered three vehicles, one of which was a white Volkswagen bearing Virginia tags UCP-3675, and drove away from the scene.

Some officers pursued the Volkswagen and activated their emergency equipment, including their lights and sirens, in attempting to stop the vehicle. But the vehicle did not stop. During the pursuit, the lead police vehicle observed a tan-colored firearm being thrown from the rear-passenger-side window into the embankment next to the highway entrance ramp behind the Norfolk City Jail. Another police unit stopped and located that firearm—a tan Glock, Model 19x, 9mm semi-automatic handgun equipped with a 3D-printed auto-sear/conversion kit and loaded with a large-capacity magazine.



An auto-sear conversion device like the one attached to the recovered Glock firearm is designed to convert a semi-automatic firearm into a fully automatic machinegun. The National Firearms Act defines a machinegun as:

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part

3

designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

26 U.S.C. § 5845(b). So the auto-sear device itself, even when not equipped to a firearm, satisfies the statute's definition of a machinegun.

Turning back to the facts of this case, the Volkswagen drove through the downtown tunnel into Portsmouth. The pursuit continued until the Volkswagen crashed into another vehicle. All of the Volkswagen's occupants then fled on foot, and two were caught and arrested—rear passengers ▮▮▮ and ▮▮▮. The driver was never located. Both ▮▮▮ and ▮▮▮ denied any knowledge of the shooting, the vehicle pursuit, or the abandoned firearm.

Investigators recovered four cell phones from inside the Volkswagen and a fifth phone just outside of it. On July 27 and 28, 2021, the investigators secured search warrants for the five recovered cell phones. They provided the data extracted from the phones to me within the next couple weeks.

On August 23, 2021, I examined the phones' extraction data. Text messages from one of the phones—a black Apple I-Phone—showed ▮▮▮ communicating with an associate identified as Karon HOWARD, a/k/a/ "Rock," a/k/a "Rocky."

The two parties' text conversations included pictures of firearms with handmade auto-sear kits and other firearm accessories, as well as discussions about selling these devices to ▮▮▮ and others and about using the devices to modify semi-automatic firearms to become fully automatic machineguns. The two also sent each other websites on how to purchase auto-sear kits.

4



Based on that information, investigators secured a search warrant for HOWARD's residence at ▮▮▮ Dodington Court in Virginia Beach, Virginia. During the execution of the warrant on September 1, 2021, investigators recovered a Glock, Model 23, .40 caliber semi-automatic handgun that was missing the backplate and two 3D-printed auto-sear/conversion kits.



The investigators also recovered roughly 173 grams of marijuana and a digital scale from the residence.

HOWARD was the only person at the residence during the search and was arrested after the investigators discovered the contraband. During a post-arrest interview, he waived his *Miranda* rights and admitted to possessing the recovered firearm, both auto-sear/conversion kits, and the recovered marijuana. *In my training and experience I know that drug dealers often arm themselves for protection.* JM

5

An ATF expert examined the firearms and auto-sear devices recovered from the vehicle pursuit and HOWARD's residence. The firearm from the vehicle pursuit that had been equipped with a device test fired as a machinegun. One of the two devices recovered from the residence was attached to the Glock from the residence, and that gun also test fired as a machinegun. The other device from the residence was damaged consistent with previous use on a firearm, although it is repairable, so it still satisfies the statutory definition of a machinegun. ATF agents have confirmed that none of the recovered auto-sear devices, nor any firearm equipped with one of the auto-sear devices, is registered in the National Firearms Registration and Transfer Record.

## CONCLUSION

For all these reasons, there is probable cause to believe that, on September 1, 2021, in Virginia Beach, Virginia, within the Eastern District of Virginia, HOWARD possessed machineguns, in violation of 18 U.S.C. § 924(o) and (a)(2); possessed unregistered firearms, in violation of 26 U.S.C. §§ 5861(d) and 5871; possessed a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possessed with intent to distribute a quantity of a marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D).

Justin L. Matthews, Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms and Explosives

READ AND REVIEWED:

William B. Jackson
Assistant United States Attorney

SWORN AND SUBSCRIBED before me this ___ day of December 2021.

United States Magistrate Judge
Eastern District of Virginia
Norfolk, Virginia

Douglas E. Miller
United States Magistrate Judge

6